**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FRED LASKY and PHYLLIS LASKY,

Plaintiffs,

v. Case No. 8:26-cv-1590-KKM-AEP

HARTFORD UNDERWRITERS INSURANCE COMPANY, et al.,

Defendants.

---

# ORDER

Plaintiffs Fred and Phyllis Lasky move to remand this case to state court, arguing that diversity jurisdiction is not proper because, like the Laskys, defendants Richard and Rosaline Lewis are Florida residents. Construed Mot. to Remand (Doc. 16) at 1–2. They also argue that defendant Hartford Underwriters Insurance Company improperly removed this action without its codefendants' consent. *Id.* at 2 n.1. Defendant Progressive American Insurance Company agrees that Hartford did not obtain its consent before removing this action. Progressive's Resp. to Pls.' Suppl. Mem. (Doc. 41) at 2. Because the Laskys raised this procedural defect within thirty days of removal, I remand this action.

## I. BACKGROUND

The Laskys and Lewises, who are Florida residents, were involved in an automobile accident when traveling together in the Laskys' vehicle. Compl. (Doc. 1-1) ¶ 7–10. The Laskys allege that they were named insureds under insurance policies issued by Hartford and Progressive and that both insurers have "failed, and continue to fail, to timely extend to the [p]laintiffs all of those benefits due under" the policies. *Id.* ¶¶ 14–39. Further, the Laskys allege that the Lewises also claim insured status under the policies, so they "have added the Lewises to this action out of an abundance of caution." *Id.* ¶ 45. The Laskys sue the insurers for breach of contract and all defendants for declaratory relief. *Id.* ¶¶ 46–81.

On May 28, 2026, Hartford removed this action to federal court, invoking this Court's diversity jurisdiction and arguing that the Lewises must be either dismissed because they are improperly joined or treated as nominal defendants. Notice of Removal (Doc. 1) ¶ 8; Am. Notice of Removal (Doc. 2) ¶ 8. Accordingly, I ordered the Laskys to show cause why the Lewises should not be dismissed because of improper joinder. *See* O.S.C. (Doc. 12). The Laskys respond, arguing that the Lewises should not be dismissed as defendants because their interests are adverse to the Laskys' and that "therefore there is a lack of complete diversity and this case must be remanded." Construed Mot.

to Remand at 1–2, 5–7. I construed this response as a motion to remand. Order Construing Motion (Doc. 18).

The Laskys also argue that removal was improper because Hartford did not obtain the consent of its codefendants, Progressive and the Lewises. *Id.* at 2 & n.1. They raised this procedural defect on June 16, 2026. *See generally id.*

The Laskys then sought leave to file an eighteen-page separate motion to remand to supplement the Construed Motion to Remand. (Doc. 24). I granted this motion in part, allowing the Laskys to file a supplemental memorandum on issues relating to subject-matter jurisdiction but not procedural defects because more than thirty days had then elapsed from removal. (Doc. 27). The Laskys nevertheless made both jurisdictional and procedural arguments. *See generally* Pls.' Suppl. Mem. (Doc. 36).

Hartford responds to the Laskys' supplemental memorandum, characterizing it as a "newly asserted motion to remand based on an alleged failure of unanimous consent to removal." Hartford's Resp. to Pls.' Suppl. Mem. (Doc. 40) at 1. Specifically, Hartford argues that the Laskys failed to timely raise the procedural defect but did not address the merits of that argument. *Id.* at 1–2.

Progressive also responds to the supplemental memorandum. *See* Progressive's Resp. to Pls.' Suppl. Mem. It acknowledges that Hartford did not

obtain its consent before removal and takes no position on the Laskys' procedural argument. *Id.* at 1–2, 4.

## II. ANALYSIS

Because the Laskys' construed motion to remand correctly and timely argues that Hartford removed this action without its codefendants' consent, I remand this action to state court.

Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." When a defendant removes a civil action to invoke a federal court's diversity jurisdiction, all defendants who have been properly joined and served must join in or consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A). This requirement is known as the "unanimity rule," *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008), and, "[l]ike all rules governing removal," it "must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction." *Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. Apr. 20, 2015) (per curiam) (citing *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001)); *see Mann v. Unum Life Ins. Co. of Am.*, 505 F. App'x 854, 856 (11th Cir. 2013) ("[W]e strictly construe removal statutes, resolving all doubts in favor of remand." (citation omitted)).

The Laskys timely move to remand based in part on this procedural defect. In response to my order to show cause why the Court should not dismiss the Lewises "as defendants in this action on the basis of improper joinder," *see* O.S.C., the Laskys argue that "this case must be remanded" because "there is a lack of complete diversity." Construed Mot. to Remand at 2. They also contend that "Hartford's removal is [ ] defective as it failed to show the consent of the other [d]efendants at the time of removal." *Id.* at 2 n.1. Because the Laskys explicitly argue that the case must be remanded and that removal was improper, I construed their response as a motion.[1] *See* Order Construing Motion. They filed this motion nineteen days after removal. *See generally* Construed Mot. to Remand (filed June 16, 2026); Notice of Removal (filed May 28, 2026).

Progressive acknowledges that it did not consent before Hartford removed the case. *See* Progressive's Resp. to Pls.' Suppl. Mem. at 2 ("Hartford did not obtain consent from Progressive prior to filing the Notice of Removal.").

---

[1] Courts often construe filings as "motions" even when they are not explicitly labeled as such because "motions can be made in so many different contexts." *See* 5 WRIGHT & MILLER § 1192 (4th ed., 2026). Federal Rule of Civil Procedure 7(b)(1) requires the filing to state with particularity the grounds for seeking the order and state the relief sought, and whether to construe a filing as a motion typically depends on "whether any party has been prejudiced by the movant's lack of particularity and whether the court can comprehend the basis of the motion and deal with it fairly." *Id.* Here, the Laskys state the grounds for seeking the order (lack of subject-matter jurisdiction and improper procedure) and the relief sought (remand). *See* Construed Mot. to Remand at 2 & n.1. And all defendants had an opportunity to respond to the Laskys' construed motion. *See* Order Construing Motion.

Instead, counsel for Progressive orally consented to removal "in the days following the filing of the removal." *Id.*

Progressive's late oral consent does not cure Hartford's defective removal. Although each defendant must "explicitly stat[e] for itself its consent on the record, either orally or in writing, within the 30-day period," *Nathe v. Pottenberg*, 931 F. Supp. 822, 825 (M.D. Fla. 1995), Progressive did not do so until almost sixty days after removal, *see generally* Progressive's Resp. to Pls.' Suppl. Mem. (filed July 24, 2026). And Progressive does not oppose remand, which can sometimes cure a unanimity defect. *Id.* at 4 (explaining that Progressive neither "oppose[s] removal" nor "maintain[s] a position as to the arguments raised in the [p]laintiffs' supplemental motion to remand"); *see Stone*, 609 F. App'x at 981 (explaining that a "technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment").

Hartford does not address the Laskys' procedural argument. At most, they argue that the Laskys "did not assert any failure to obtain unanimous consent until they filed their [supplemental memorandum] on July 10, 2026." Hartford's Resp. to Pls.' Suppl. Mem. at 2. But, as discussed above, the Laskys first asserted Hartford's failure to obtain unanimous consent on June 16, 2026. I agree with Hartford that I lack the discretion to extend the thirty-day statutory limitation, but doing so is not necessary here. *See id.* at 2.

Remand is proper because Hartford's removal is procedurally defective. Accordingly, I need not examine whether remand is also proper based on the Laskys' jurisdictional arguments. Although I would need to reassure myself of subject-matter jurisdiction before addressing any arguments on the merits, this principle does not extend to non-merits issues like a procedural defect. *See Sinochem Intern. Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("Both *Steel Co.* and *Ruhrgas* recognized that a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999); citing *Steel Co. v. Citizens for Better Env.*, 523 U.S. 83, 100–01 n.3 (1998)); *id.* ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits." (citation omitted)).

## III. CONCLUSION

As the Laskys timely argue, Hartford removed this action from state court without first obtaining its codefendants' consent. I therefore remand this action to state court.

Accordingly, the following is **ORDERED**:

1. The Court's Order to Show Cause, (Doc. 12), is **DISCHARGED**.
2. The Laskys' Construed Motion to Remand, (Doc. 16), is **GRANTED**.

3. The Clerk is directed to **REMAND** this action to Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, and to transmit a certified copy of this order to the clerk of that court.

4. The Clerk is further directed to **TERMINATE** any pending motions or deadlines and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, September 23, 2026.

Kathryn Kimball Mizelle
United States District Judge